NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 16, 2010
Decided March 8, 2011

*Before*

**William J. Bauer,** *Circuit Judge*
**Michael S. Kanne,** *Circuit Judge*
**Ann Claire Williams,** *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, | ] Appeal from the United ] States District Court for ] the Northern District of |
| No. 06-2883 v. | ] Illinois, Eastern Division. ] |
| JACK L. HARGROVE, Defendant-Appellant. | ] No. 1:03-cr-00779 ] ] James B. Moran, Judge. |

O R D E R

The Supreme Court vacated the judgment in this case and remanded the matter to us so that we could consider the impact of the Court's decision in *Skilling v. United States*, 561 U.S. _____, 130 S.Ct. 2896 (2010). We called for Circuit Rule 54 statements from the parties, and they both filed statements. Our review of these statements and the record on appeal in light of the *Skilling* decision leads us to conclude that the judgment must be reinstated and affirmed.

The government prosecuted defendant Jack Hargrove on theories involving both honest services fraud and money fraud.

- over -

But it now concedes that it was wrong to present the case as one involving an honest services theory because the case did not involve a bribery or kickback scheme, as *Skilling* requires. *Skilling*, however, instructs that such an error can be harmless. The question then is whether a reasonable jury might have convicted Hargrove of failing to render honest services for private gain but not have convicted him of money fraud.

The only evidence that the government presented to the jury involved the fraudulent practices of Hargrove and others to rob a variety of victims of millions of dollars. That evidence provided a basis to convict Hargrove of both honest services fraud and money fraud. No evidence was introduced at trial that suggested Hargrove schemed in other ways to deprive any of the victims of Hargrove's honest services apart from the theft of huge sums of money. As such, in order to convict Hargrove of honest services fraud, the jury had to do so based on the evidence that also supported the money fraud. To put it another way, no reasonable jury could have acquitted Hargrove of money fraud but convicted him of honest services fraud. Hargrove's Rule 54 Statement does not point to any evidence that suggests otherwise.

The judgment and sentence is reinstated and AFFIRMED.